BOTELOR (GREENWELL v.). See Case No. 5,791.

## Case No. 1,685.

### BOTELOR v. WASHINGTON.

[2 Cranch, C. C. 676.] [1]

Circuit Court, District of Columbia. May Term, 1826.

FORESTALLING—DEFINITION — "PROVISION "—" ARTICLE OF FOOD "—" COMING TO MARKET. "

1. Rye-chop is not "provision, nor an article of food" within the meaning of the by-law of October 6, 1802, which makes it unlawful for any person "to buy up any provision or article of food coming to market."

2. To constitute the offense it is not necessary that there should be a market actually holding at the time of the purchase.

[3. "Coming to market," in the by-law, means on the way to the market place, with intent to be there offered for sale in market hours.]

Appeal from the judgment of a justice of the peace against the appellant for forestalling rye-chop coming to market, contrary to the by-law of the 6th of October, 1802.

The by-law provides "that no person shall buy any provision or article of food in the market, and during the market hours aforesaid, for the purpose of selling the same again in the said market or in any part of the city; nor shall any person out of the market buy up any provision or article of food coming to said market, under the penalty of six dollars for every offence."

THE COURT (MORSELL, Circuit Judge, absent) decided that rye-chop (which was food for horses) was not "provision" nor an "article of food" within the meaning of the by-law. Burch, Dig. p. 119, art. 9. And that "coming to market" meant, on its way to the market place, with intent to be there offered for sale, in market hours; and that it was not necessary that there should be a market actually holding at the time of the purchase, in order to constitute the offence.